UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **HERBERT S. HOFFMAN, ET AL.,** ) | |
| ) | |
| **PLAINTIFFS** ) | |
| ) | |
| v. ) | CIVIL NO. 08-279-P-H |
| ) | |
| **SECRETARY OF STATE** ) | |
| **OF MAINE, ET AL.,** ) | |
| ) | |
| **DEFENDANTS** ) | |

**ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR
ALTERATION AND/OR AMENDMENT OF JUDGMENT**

The motion is **DENIED**. Contrary to the plaintiffs' assertion, I do not believe that I have misread the two cases in question.

**Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85 (1984).** The footnote that the plaintiffs cite in Migra is Justice Blackmun's explanation of why he has changed his position since Allen v. McCurry, 449 U.S. 90 (1980). Migra, 465 U.S. at 85 n.7. In the text, Migra consistently uses the term "litigant" and nowhere suggests that the *res judicata* principles it espouses are limited to those who are plaintiffs in the state court. Id. at 83-84. Moreover, Justice Blackmun's concern was *res judicata* from a criminal case to a civil case, not the situation here. Id. at 85 n.7.

A federal court in a § 1983 case must accord the same claim preclusive effect to a prior state court judgment as it would be given under the preclusion

law of the state in which the judgment was rendered. Id. at 84-85. Maine *res judicata* principles provide for preclusion of a litigant's claim if "(1) the present action involves the same parties (or privies of those parties) as the prior action; (2) a valid final judgment has been entered in the prior action; [and] (3) the matters presented for decision in the second action were or might have been litigated in the first." Andrew M. Horton & Peggy L. McGehee, Maine Civil Remedies § 1-6 (4th ed. 2004). The first prong does not include a distinction concerning what position—plaintiff or otherwise—the parties were in for purposes of the prior action. Id. Wright and Miller recognize that "[a] defendant may have no choice at all—federal contentions must be raised in a state action." 18B Charles Allen Wright et al., Federal Practice and Procedure § 4471.1 & n.10 (2d ed. 2002).[1]

Moreover, the narrow England exception, England v. La. State Bd. Of Med. Exam'rs, 375 U.S. 411 (1964), discussed in the Ninth Circuit case that the plaintiffs mention in footnote 1 of their motion does not apply here; the plaintiffs have not suggested that in state court Hoffman expressly reserved his federal claims for federal court, and this federal court had not previously abstained, sending the matter to state court. See Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, 311-12 (1st Cir. 1986).

**Griffin v. Burns, 570 F.2d 1065 (1st Cir. 1978).** In Griffin, the trial court found that candidate Griffin was bound by *res judicata* arising from the state

---

[1] In fact, candidate Hoffman *chose* to intervene in the state court lawsuit. One of the tactical options open to him would have been to let that lawsuit proceed without him, then press his federal claims here in federal court. He chose not to do so.

court action.  Id. at 1069.  The court of appeals did not re-examine that issue. It described the candidate as only a nominal appellee (he achieved the relief he wanted on other grounds).  Instead, the court of appeals explained why *res judicata* as to a candidate does not necessarily bind the voters, the same conclusion that I reached in this case.

Accordingly, the motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 5TH DAY OF SEPTEMBER, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**