UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **HERBERT J. HOFFMAN,** )<br>)<br>        **PLAINTIFF** )<br>)<br>v. )<br>)<br>**MATTHEW DUNLOP,** *Secretary of* )<br>*State for the State of Maine, in his* )<br>*official capacity*, **ET AL.**, )<br>)<br>        **DEFENDANTS** ) | **CIVIL NO. 08-279-P-H** |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

The defendants' motion to dismiss is **GRANTED**.

The plaintiff agrees that the Rooker-Feldman doctrine bars the claims asserted in Counts III and IV. Pl.'s Opp'n to Defs.' Mot. to Dismiss at 6-7 (Docket Item 42). He also agrees that he cannot recover damages against these defendants. Id. at 7-8. He has withdrawn his claim for injunctive relief. Id. at 8. Thus, all that remains is the declaratory judgment request as to Counts I and II. Those claims are barred, first, by issue and/or claim preclusion for the reasons I set forth in my Order denying the plaintiff's request for a Temporary Restraining Order (Docket Item 16) (I called the denial "easy" on this ground) and the Order denying the Motion for Reconsideration (Docket Item 20); and second, because these claims are moot, the election having passed. The plaintiff challenges the retroactive application of the new interpretations, but that issue will not arise

again because the new interpretations will not be "retroactive" in future applications. The mere possibility that some *other* regulation will be given a new interpretation and be applied retroactively sometime in the future is not sufficient to meet the standard of "capable of repetition, yet evading review"[1] for keeping alive this controversy over the constitutionality of applying this particular new interpretation retroactively to this plaintiff.

**SO ORDERED.**

**DATED THIS 20TH DAY OF FEBRUARY, 2009**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Fed. Election Comm'n v. Wis. Right to Life, Inc., 127 S. Ct. 2652, 2662 (2007).